THE PEOPLE, ex rel. THE NEW YORK MEDICAL COLLEGE AND HOSPITAL FOR WOMEN, Respondent, *v.* ALLAN CAMPBELL, as Comptroller, etc., Appellant.

The provision of the act of 1870, making "further provision for the government of the county of New York" (§ 8, chap. 382, Laws of 1870) which invested the commissioners of taxes and assessments with power to remit or reduce taxes, did not authorize said commissioners, nor has the department of taxes and assessments, who, under the charter of 1873 (§ 87, chap. 335, Laws of 1873) succeeded to the powers of said commissioners, authority to relieve from taxes any and all property within the limits of its jurisdiction at discretion.

The provision is to be read as part of a common system, and while the department may reduce excessive valuation and strike property, exempt by law, from the roll, notwithstanding its owner's delay in applying for relief, no tax can lawfully be remitted by it except for cause, or property declared exempt, unless the statutes furnish ground for the exemption. (§ 28, chap. 121, Laws of 1850 ; § 3, chap. 319, Laws of 1851 ; § 10, chap. 302, Laws of 1859 ; § 4, chap. 410, Laws of 1867.)

In proceedings by *mandamus* to compel the comptroller of the city of New York to cancel of record taxes assessed for the year 1881, upon certain lots in the city, occupied and used by relator as a medical college, hospital and free dispensary for women, it appeared that within six months after the confirmation of the taxes for that year, the department of taxes and assessments, on petition of the relator, made and sent to the comptroller a certificate purporting to exempt said property from said tax. *Held*, that the property was not by law exempt from taxation (1 R. S. 388, § 4, subd. 3, as amended by chap. 282, Laws of 1852) ; that the certificate was not authorized, and so was invalid; and, therefore, the relator was not entitled to a *mandamus*.

(Submitted June 5, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 17, 1883, which affirmed an order of Special Term, directing the issuing

of a peremptory writ of *mandamus*, requiring defendant, as comptroller of the city of New York, to cancel of record certain taxes imposed in 1881, upon lots in said city, leased by relator under an agreement that it should pay or procure the taxes thereon to be remitted.

The real estate was occupied and used as a medical college, hospital and free dispensary for women. The lots were assessed, for the year in question, to the owner, and the tax in question levied October 13, 1881. In November, 1881, the relator petitioned the department of taxes and assessments to have the property exempted. The commissioners signed and sent to the comptroller a certificate to the effect that they thereby exempted said property from taxation for the year 1881.

*George P. Andrews* for appellant. The tax commissioners in the city of New York have no power whatever to create exemptions, nor to exempt property from taxation, whether before or after it has been assessed, except in those cases where the exemption is expressly given by general or special laws. (1 Hoffman's Laws relating to the city, 501, 502; Laws of 1859, chap. 120, § 28, amended by Laws of 1851, chap. 319, § 3; Laws of 1859, chap. 302, § 10; Laws of 1867, chap. 410, § 4; Laws of 1870, chap. 382, § 5; id., chap. 190; Laws of 1873, chap. 335, § 87.) The property in question was not the property of a religious society, nor of the New York Public School Society, and for that reason was not exempt from taxation in the year 1881. (2 R. S. [7th ed.] 982, § 4; Laws of 1852, chap. 282; Laws of 1863, chap. 123; Laws of 1864, chap. 230; Laws of 1848, chap. 319.) It was not exempt for the year 1881, because it was not eased to the relator until the 1st of May, after the books of annual record had been closed, and the right to claim exemption for that year was gone. (*People, ex rel. Am. Geo. Soc.*, v. *Fox Commr's*, 11 Hun, 505; *Washington Heights Protestant Episcopal Church* v. *Mayor*, 20 id. 297; *Mygatt* v. *Washburn*, 15 N. Y. 316; *Clark* v. *Norton*, 58 Barb. 436; *S. C.*, 49 N. Y. 243; *West-*

*fall* v. *Preston,* id. 249 ; *Bell* v. *Pierce,* 51 id. 12 ; *Avering* v. *Foote,* 65 id. 263.)

*Henry Parsons* for respondent.   The statutes give to the department of taxes and assessments power to remit or reduce taxes imposed upon real or personal property in the city of New York, and neither the comptroller nor any officer of the finance department has any power or authority to review or interpose any objection thereto. (Laws of 1870, chap. 382, § 8 ; charter of 1873, § 87.)   The property in question was exempt from taxation by law, and the department of taxes and assessments were justified in their action on legal grounds. (1 Edm. Rev. Stat. 360, §§ 3-4 ; Laws of 1852, chap. 282 ; *Chegary* v. *Mayor, etc.,* 13 N. Y. 228, 229.)   The property in question although leasehold property is exempt under the Laws of 1852.   (*Hebrew Free School Ass'n* v. *Mayor, etc.,* 4 Hun, 446, 449 ; *Am. Geo. Soc.* v. *Comm'rs,* 11 id. 506.)

Danforth, J.  We are of opinion that the case made by the relator does not bring the property in question within any provision of the statute allowing exemption from taxation.   It is neither a building for public worship, nor in any sense the property of a religious society.   Upon this point we agree with the court below.   Neither is it exclusively used as a seminary of learning, nor is it the property of the New York Public School Society, and unless one or the other of these conditions attach, both building and premises remain liable to bear a just proportion of the public burden (Laws of 1852, chap. 282 ; 1 R. S. 31, chap. 13, tit. 1, § 4, subd. 3), until relieved therefrom in some legal manner.  The respondent claims that this result was reached when the department of taxes and assessments decided that the property should be exempt from taxation for the year 1881, and the serious question before us is whether there is authority for that conclusion.   It is not denied by the appellant that the department referred to is invested by statute (Laws of 1873, chap. 335, § 8) with all the power over the subject of this inquiry which the commissioners of taxes theretofore possessed,.

and as to that the learned counsel for the respondent cites the statute of 1870 (Chap. 382, § 8), which declares that "All acts and parts of acts conferring upon the board of supervisors of the county of New York the power to remit or reduce a tax imposed upon real or personal estate, are hereby repealed. The commissioners of taxes and assessments for the city and county of New York are hereby invested with power to remit or reduce a tax imposed upon real or personal estates in the city and county of New York, but such remission or reduction must be made within six months after the delivery of the books to the receiver of taxes for the collection of such tax."

If this statute is to be taken by itself there can be no doubt that it fully justifies the conclusion of the respondent, and so construed would authorize that department to relieve not only property devoted to educational or charitable, or other unproductive purposes, but any and all property within the limits of their jurisdiction, from the imposition of taxes, and thus compel the invention of some other scheme by which the expenses of government could be met. Was this the intention of the legislature? It should be observed that the title of the act of 1870 (*supra*) is "An act to make further provision for the government of the county of New York," and that no earlier act or statutory provision is repealed or altered, except as stated in the section cited. Moreover, section 6 directs the board of supervisors to cause to be raised by tax upon the "estates by law subject to taxation," moneys for certain purposes. Thus the act embraces to some extent the subject of taxation, and should be read as part of a common system, from the whole of which may be discovered the true interpretation of the clause in question.

It was formerly provided (Laws of 1850, chap. 120, § 28; Laws of 1851, chap. 319, § 3) that the board of supervisors might remit or reduce a tax "for good cause shown by affidavit," but after 1859 this power was limited to cases where "the party aggrieved was unable to attend within the period prescribed for the correction of taxes by reason of sickness or absence from the city." (Laws of 1859, chap. 302, § 10.) In

1867 (Laws of 1867, chap. 410) provision was made for the creation of the " board of commissioners of taxes and assessments for the city and county of New York," and they were authorized (§ 4 of act of 1867, *supra*) to correct and remit, or " reduce any tax imposed on real or personal estate, where any error shall have occurred in entering in the assessment-roll or books the valuation of such real or personal estate," but it provided that such power should be exercised only on the affidavit of the person aggrieved, and within the time allowed by law for the remission and reduction of taxes, and that a statement of such correction and omission, or reduction, should " in all cases be immediately filed with the comptroller of said city." It is apparent from these provisions that under them no tax could lawfully be remitted except for cause, or property declared exempt from taxation at the arbitrary discretion of any of the officers intrusted at different times with the administration of municipal affairs. Excessive valuation might be reduced, and property exempt by law stricken from the roll, notwithstanding its owner's delay in applying for relief, but the statute must in all cases furnish the ground for exemption. None of these provisions have been repealed, and we discover no intent on the part of the legislature by the act in question (Laws of 1870, chap. 382, § 8, *supra*) to delegate to the commissioners the power of exempting property from taxation, nor when we consider it in connection with other statutes, can we conclude that they had any other object in view by its enactment than the substitution of the commissioners, and the exercise by them of powers, theretofore, vested in the board of supervisors.

The certificate of the commissioners, therefore, was not authorized by law, and the relator was not entitled to a *mandamus*. The orders of the Special and General Terms should be reversed, and motion for *mandamus* denied with costs, and costs of this appeal.

All concur.

Ordered accordingly.