PEOPLE ex rel. VALENTINE v. COMRS. OF TAXES. 373

First Department, June Term, 1886.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN E. VALENTINE, Respondent, v. THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK, Appellants.

*Power of the tax commissioners of the city of New York to remit taxes illegally imposed—section 672 of chapter 410 of 1882, as amended by chapter 530 of 1885.*

Land owned by the relator, included within the lines of a street or avenue, known as Melrose avenue, as laid down upon the map filed by the commissioners of the department of public parks, pursuant to the provisions of chapter 604 of 1874, was duly entered upon the books of the appellants for the purpose of taxation, in the city of New York, for the year 1885. After the property had been so listed, and on June 13, 1885, chapter 530 of 1885 was enacted, by which section 672 of the consolidated act was amended by adding thereto the following clause: " No tax or assessment shall, after the passage of this act, be levied or assessed or collected upon any unimproved land included within the lines of streets, avenues, roads, public squares or places shown and laid out upon any map or maps filed by the commissioners of the department of public parks, pursuant to the provisions of chapter 604 of 1874, and the laws amendatory thereof, or of the act hereby amended."

After the passage of this amendment the respondents levied a tax upon the land in accordance with the valuation theretofore made upon it. Within six months from the completion of the tax, the relator applied to the defendants for a remission of the tax, and upon their refusal to remit the same, applied for and obtained a *mandamus* requiring them to entertain his application and discharge the tax.

*Held,* that the order directing the writ to issue was proper and should be affirmed.

*People ex rel. New York Medical College* v. *Campbell* (93 N. Y., 199) distinguished.

APPEAL from an order made at a Special Term directing a *mandamus* to issue.

*G. S. Coleman,* for the appellants.

*B. E. Valentine,* for the respondent.

MACOMBER, J. :

This is an appeal from the order of the Special Term directing that a *mandamus* issue to the defendants, requiring them to entertain the application of the plaintiff for the remission of his tax and to discharge the same.

The relator and another person, for whom he is agent, own certain property included within the lines of the street or avenue, known

374  PEOPLE ex rel. VALENTINE v. COMRS. OF TAXES.

First Department, June Term, 1886.

as Melrose avenue, and which is laid down upon the map filed by the commissioners of the department of public parks, pursuant to the provisions of chapter 604 of the Laws of 1874. This land, now so included within the lines of Melrose avenue, was duly entered upon the books of the appellants for the purpose of taxation, in the city of New York, for the year 1885.

On the 13th day of June, 1885, but after the property had been so listed for assessment, chapter 530 of the Laws of 1885 was enacted, by which section 672 of the consolidated act was amended by adding the following clause : " No tax or assessment shall, after the passage of this act, be levied, assessed or collected upon any unimproved land included within the lines of streets, avenues, roads, public squares or places shown and laid out upon any map or maps filed by the commissioners of the department of public parks, pursuant to the provisions of chapter 604 of the Laws of 1874, and the laws amendatory thereof, or of the act hereby amended." Subsequently to the passage of this amendment the appellants levied a tax upon the land in question in accordance with the valuations theretofore made upon the land as listed for assessment. Within six months from the completion of the tax the plaintiff applied to the defendants for a remission of the tax and, the defendants refusing to remit the same, this proceeding was instituted.

It seems to us that the commissioners of taxes and assessments have a discretionary power under the consolidated act to entertain the application of the relator. Section 822 of the consolidated act declares : " The commissioners of taxes and assessments are hereby invested with power to remit or reduce a tax imposed upon real or personal estate." Thence follow in the same section general directions as to the manner of exercising such power. An ingenious argument has been made by the appellants' counsel to the effect that, though this section seems to be clear and specific, it must be read in connection with chapter 410 of the Laws of 1867, by which the power of the commissioners of taxes and assessments appears to be restricted by section 4 of that act to cases where there is an error in entering the property upon the assessment-roll or books. The counsel cited us to the case of *People ex rel. New York Medical College* v. *Campbell* (93 N. Y., 199), by which it is claimed that section 4 of the Laws of 1867 still stands unrepealed.

The court held upon that question, that as the law stood at the time the case before them arose, a tax could be lawfully remitted only for cause, as where property was exempt from taxation or assessment.

The question, therefore, is not whether the legislation by which section 822 of the consolidated act was passed was wise or not, but it is rather what is the necessary construction to be given to that section and the section 4 of the Laws of 1867, as well as other preceding and subsequent statutes, not necessary now to be mentioned, which prescribed the mode and the cause for which a tax might be remitted by the commissioners.  In the consolidated act, however, many of the preceding restrictions were retained, for instance, that the majority of the commissioners are required to agree before a tax can be remitted or reduced, and that a tax upon personal property cannot be remitted unless the applicant shall satisfy the commissioners that he was prevented by absence from the city, or by illness, from making his application within the time allowed for the correction of taxes, and that the application for any remission or reduction of taxes upon real property must be made within six months after the delivery of the books to the receiver of taxes for the collection of such tax.

There is, therefore, no ground now existing, as there was formerly, upon which only the commissioners were permitted to act, as, for instance, where the assessment was illegal or the property exempt from taxation at the time of the entry of the property for assessment. Nevertheless, the action of the commissioners must be taken for good cause shown to them, and not from caprice.  In the case before us, it would seem to be unfair upon the part of the city to insist upon the retention of this assessment and the collection of this tax, inasmuch as it has by its proper officers opened the land to the public, by declaring, in the most unequivocal manner, that it shall remain an avenue for the benefit of the public.  It is a case where, by legislation subsequent to the listing of the property for taxation, it becomes inequitable and unfair for a municipal corporation to insist upon the collection of a tax by reason of its own action done without the knowledge of the relator, but which presumably was taken against his interest and consent.

We are well satisfied that the court was justified in directing a

peremptory *mandamus* to issue requiring the commissioners to consider the justice and propriety of the relator's application with that fairness and impartiality with which every public officer is presumed to act, and to remit the tax upon the ground that the legislature had declared that taxes, upon real estate included within the lines of streets, shall not be collected where the proceedings for the levying of such tax had not become complete before the land was appropriated to the public use.

The relator's application did not ask the commissioners to do an arbitrary and unlawful act, as in the case of the *People ex rel. New York Medical College* (93 N. Y., 199), but simply to exercise the power vested in them for a lawful purpose, and it is based upon high equitable considerations having the support of the statute already cited.

Nothing in our decision, or in that of the Special Term, can be properly so construed as to affect any claim for exemption from the payment of arrears of taxes for the years prior to 1885 on this property, or any other property similarly situated, under chapter 530 of the laws of that year.

The order of the Special Term should be affirmed, but under all the circumstances, without costs.

BRADY, P. J., and DANIELS, J., concurred.

Order affirmed, without costs.